**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING GOVERNMENT'S** |
| | ) | **MOTION TO REVOKE MAGISTRATE** |
| vs. | ) | **JUDGE'S ORDER SETTING** |
| | ) | **CONDITIONS OF RELEASE** |
| | ) | |
| Charles Earl Thornton, | ) | Case No. 1:26-cr-030 |
| | ) | |
| Defendant. | | |

Before the Court is the Government's "Motion to Revoke Magistrate Judge's Order Setting Conditions of Release" filed on March 24, 2026. See Doc. No. 30. The Defendant did not file a response to this motion. Pursuant to 18 U.S.C. §§ 3145(a)(1) and 3142, the Government has appealed Magistrate Judge Kimberly G. Altman's order dated March 17, 2026, ordering the pretrial release of the Defendant to a residence in Detroit, Michigan. See Doc. No. 30-1. The Government requests the Court issue an order revoking Magistrate Judge Altman's order permitting the pretrial release of the Defendant and order the pretrial detention of the Defendant pursuant to 18 U.S.C. § 3142, claiming the Defendant is a danger to the community and poses a flight risk.

The Defendant has been indicted in the District of North Dakota. The Defendant is charged with multiple counts of drug trafficking conduct, including: Count One: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (including 500 g or more of methamphetamine and 400 g or more of fentanyl); Count Two: Distribution of Controlled Substances; Count Three: Possession with Intent to Distribute Fentanyl (40 g or more); and Count Four: Possession with Intent to Distribute Methamphetamine (500 g or more). See Doc. No. 2. On or about March 13, 2026, the Defendant was arrested in the Eastern District of Michigan. On March 17, 2026, Magistrate Judge Altman ordered the Defendant released on conditions after a detention hearing. See Doc. No. 30-1.

Title 18, United States Code, Section 3145(a)(1) states: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court – (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  The motion is to be determined promptly.  See 18 U.S.C. § 3145(a).

This Court has original jurisdiction because the charged offense venue is in the District of North Dakota. The factors regarding detention are contained within 18 U.S.C. Section 3142(g) and are: (1) the nature and circumstances of the offense charged, including a controlled substance offense; (2) the weight of the evidence against the person; (3) this history and characteristics of the person, including ties to the community; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

A court may order a defendant detained pending trial if the Court finds there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, or the safety of any other person in the community.  See 18 U.S.C. § 3142(e).  The factors to be considered by the Court in determining detention or release on conditions are contained in 18 U.S.C. Section 3142(g). "In the federal system, courts look to the ties of a defendant to the judicial district in which criminal charges have been brought in assessing the risk of flight . . . [c]onsidering a defendant's ties to another district runs counter to whole consideration of risk of flight determination." United States v. Alverez-Lopez, 2014 WL 2882906, *2 (M.D. Fla. 2014).

The Defendant has been charged with drug trafficking offenses including: Count One: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (including 500 g or more of methamphetamine and 400 g or more of fentanyl); Count Two: Distribution of

Controlled Substances; Count Three: Possession with Intent to Distribute Fentanyl (40 g or more); and Count Four: Possession with Intent to Distribute Methamphetamine (500 g or more); all in connection with an ongoing interstate drug trafficking scheme between Michigan and North Dakota. See Doc. No. 2. The Indictment alleges Thornton has two prior felony convictions for a "serious drug felony," including a prior federal conviction in the Eastern District of Michigan. Id. The grand jury found probable cause for each of these offenses. Accordingly, the Defendant faces a maximum penalty of life imprisonment on Counts One, Three, and Four, and minimum mandatory penalty of twenty-five (25) years of imprisonment on Counts One and Four. Based on the nature of the offenses alleged in each of the counts and the penalties associated with the offenses, there is a presumption for detention pending trial under 18 U.S.C. Section 3142(e)(3). The Court finds the Defendant has not rebutted that presumption.

The Defendant has a lengthy criminal history, including prior felony crimes involving violence and drug trafficking. In 1995, the Defendant committed an armed robbery with a firearm in Michigan. He was sentenced to 2 – 15 years imprisonment on the robbery conviction with a 2-year consecutive sentence on the firearm conviction. He was paroled in 2000. In 2008, the Defendant committed a felony drug trafficking offense in Michigan. He was sentenced to seventy (70) months imprisonment. While out on bond on the drug trafficking offense, the Defendant committed a second felony drug trafficking offense in Michigan. This record demonstrates the Defendant presents a significant risk of danger to the community if released. Previous incarceration and court supervision have proved to be ineffective in mitigating the Defendant's criminal history. Further, the Defendant has a history of non-appearance in court and a history of non-compliance regarding bond issues. The Defendant failed to appear for a sentencing hearing on his armed robbery and felony firearm charge in December 1996. The appearance was within

the same area the Defendant was residing. In the present case, the Defendant will be required to appear in another state hundreds of miles from where he lives. Additionally, the Defendant acknowledged regular use of cocaine once or twice a week since 2006. See Doc. No. 24. Although the Defendant completed a treatment program while incarcerated, the Defendant has not addressed his drug use while in the community. The Defendant's continued use of narcotics, despite his lengthy terms of incarceration and criminal history, creates a significant danger to the community. Further, during past incarceration, the Defendant engaged in misconduct resulting in discipline on multiple occasions. In particular, the Defendant committed an assault and battery on another prisoner and was found in possession of a weapon. This conduct further indicates the Defendant's risk of danger to the community. Additionally, the Court finds the Defendant has weak community ties to North Dakota. On release, the Defendant will be over 1,000 miles outside of the District in which he is to appear if he is released to reside in Michigan. If the Defendant is released, he will have opportunities to flee and be unaccounted for a significant period of time before officials in North Dakota can take action.

The Court has carefully reviewed the entire record, the relevant filings, and the pretrial services report. The undersigned has respectfully reached a different conclusion than Magistrate Judge Altman and concludes the Defendant is a danger to the community and a flight risk. The Court finds there is more than a preponderance of the evidence to demonstrate that the Defendant is a danger to the community and poses a flight risk, and the Defendant did not rebut the presumption of detention. Accordingly, the Government's motion to revoke Magistrate Judge Altman's order setting conditions of release is **GRANTED**. The Defendant shall be detained pending trial.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2026.

/s/ Daniel L. Hovland

Daniel L. Hovland, District Judge
United States District Court